

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00309-CR

---

TYDRAN PROVO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 297th District Court
Tarrant County, Texas[1]
Trial Court No. 1796988, Honorable Amy Allin, Presiding

---

February 18, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

In June of 2024, Appellant, Tydran Provo, entered a guilty plea to disclosing or threatening to disclose intimate visual material, a state jail felony.[2] The trial court deferred a finding of guilt and placed him on deferred adjudication community supervision for a

---

[1] This cause was originally filed in the Second Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE § 21.16.

period of five years. In June of 2025, the State filed its first amended second petition to proceed to adjudication of guilt.[3] The State alleged Appellant failed to comply with four conditions of his community supervision order, namely the requirements to successfully complete a sexual misconduct program, to complete counseling, to submit non-diluted urine samples for testing, and to report to the community supervision department as instructed. Appellant pleaded "true" to all of the allegations. After presentation of the evidence, the trial court found the allegations to be true, adjudicated Appellant guilty, and sentenced him to twelve months' confinement. Appellant timely appealed from the judgment adjudicating his guilt.

Appellant's court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders*[4] brief. We grant counsel's motion and affirm the judgment as modified herein.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of the motion to withdraw; provided him with a copy of the motion, *Anders* brief, and motion to access the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App.

---

[3] The State dismissed its first petition to proceed to adjudication.

[4] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues except for those addressed below. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

In our review of the record, we discovered that the bill of costs dated September 8, 2025, includes a time payment fee of $15 assessed against Appellant. The Texas Court of Criminal Appeals has concluded that a time payment fee such as the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.*

3

Additionally, our review revealed the final bill of costs includes the assessment of $680 for court-appointed attorney's fees, despite a determination that Appellant is indigent and unable to pay such fees.[5] Given the trial court did not expressly find a material change in Appellant's financial circumstances, Appellant is presumed to remain indigent, and the assessment of those attorney's fees also must be deleted from the bill of costs. *See Woodard v. State*, No. 07-23-00377-CR, 2024 Tex. App. LEXIS 4642, at *9–10 (Tex. App.—Amarillo July 2, 2024, no pet.) (mem. op., not designated for publication) (when there is no evidence that defendant can pay court-appointed attorney's fees, proper remedy is to reform judgment by deleting provision to repay such fees).

Accordingly, we modify the judgment to delete the assessment of the $15 time payment fee and $680 in court-appointed attorney's fees. We affirm the trial court's judgment as modified and grant counsel's motion to withdraw.[6]

Judy C. Parker
Chief Justice

Do not publish.

---

[5] We note that Appellant's acceptance of the conditions of community supervision, dated June 4, 2024, included an agreement to pay "ATTORNEY FEE in the amount of TBD." The bill of costs dated June 13, 2024, included an assessment of $730 in attorney's fees. However, the origin of the $680 assessment of attorney's fees is not made clear in the record before us.

[6] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* Tex. R. App. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.

4